J-S79038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   : PENNSYLVANIA
           v.                    :
                                     :
MANUEL COLLAZO,             :
                                     :
           Appellant          :          No. 140 EDA 2016

Appeal from the Judgment of Sentence March 27, 2015
in the Court of Common Pleas of Northampton County,
Criminal Division, No(s): CP-48-CR-0003539-2014

BEFORE: GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED JANUARY 19, 2017**

Manuel Collazo ("Collazo") appeals from the judgment of sentence imposed following his guilty plea to aggravated assault and unlawful possession of a firearm.[1] We affirm.

The trial court aptly summarized the history underlying the instant appeal, which we adopt as though fully restated herein. **See** Trial Court Opinion, 2/10/16, at 1-5.

Briefly, as the unarmed victim was fleeing, Collazo shot the victim in the back. On March 27, 2015, Collazo tendered a negotiated guilty plea to the above-described charges. As a result of the plea, other related charges were withdrawn, including a charge of attempted murder.[2] Following written and oral colloquies, the trial court sentenced Collazo in accordance with his

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 6105(a)(1).

[2] 18 Pa.C.S.A. § 901.

negotiated plea. "The negotiations were that Collazo was to be sentenced at the very bottom of the standard ranges[,] and the sentences were to run consecutive to each other (60 + 42 = 102 months)." Trial Court Opinion, 2/10/15, at 2. Thus, the trial court sentenced Collazo to an aggregate prison term of 8½ to 20 years.

Collazo did not timely file a post-sentence motion. However, on April 14, 2015, Collazo filed a Petition for Permission to File Post-Sentence Motions *Nunc Pro Tunc*. In his Petition, Collazo claimed that the prior record used to negotiate his sentence was incorrect. In the alternative, Collazo sought to withdraw his guilty plea. At an April 24, 2015 hearing, Collazo indicated that he did not wish to withdraw his plea. However, Collazo's counsel sought a continuance, as Collazo was not prepared to make a record on the post-sentence Motion, and was uncertain as to whether to seek post-sentence relief. Notwithstanding, that same date, the trial court expressly granted Collazo's Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc*. Trial Court Order, 4/24/16.

Several days later, the trial court received information from the Probation Department indicating that Collazo's prior record score was correct, but that Collazo's counsel had negotiated a lower offense gravity score. As a result, the applicable guidelines recommended a longer sentence than what was negotiated and imposed. Ultimately, at a hearing on December 4, 2015, Collazo presented no evidence in support of his Post-

Sentence Motion. Rather, Collazo argued that the victim's wound was not serious, and that he wanted a lesser sentence than the sentence negotiated by counsel.

On December 7, 2015, the trial court denied Collazo's Post-Sentence Motion. On January 5, 2016, Collazo filed the instant appeal of his judgment of sentence, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Collazo presents the following claims for our review:

1. DID THE [TRIAL] COURT ERR IN DENYING DEFENSE COUNSEL'S REQUEST FOR A CONTINUANCE?

2. DID THE [TRIAL] COURT ERR IN DENYING [COLLAZO'S] *NUNC PRO TUNC* POST[-]TRIAL MOTION?

3. WAS THE SENTENCE EXCESSIVE BECA[US]E IT WAS INCONSISTENT WITH [THE] SENTENCING GUIDELINE[S], AND [THE SENTENCING COURT FAILED] TO TAKE INTO CONSIDERATION THE SENTENCING FACTORS[,] INCLUDING [THE] REHABILITATIVE NEEDS OF [COLLAZO], PROTECTION OF THE PUBLIC, AND GRAVITY OF THE OFFENSE?

4. DID THE [TRIAL] COURT ERR IN DENYING [COLLAZO'S] REQUEST TO WITHDRAW HIS PLEA AND THEN SENTENCING HIM UNDER THE INCORRECT CRIMINAL CODE?

Brief for Appellant at 8 (unnumbered).

Although Collazo raises four claims, he combines them into two claims in the Argument section of his brief. In his first section, Collazo sets forth the standard of review of a challenge to the sufficiency of the evidence. *Id.* at 11-12 (unnumbered). Thereafter, Collazo appears to challenge his guilty pleas as unknowing, claiming that "[h]e did not know that by pleading

guilty[,] he would be sentenced with a prior record score of 3." *Id.* at 12 (unnumbered). Collazo also argues that the trial court failed to take into consideration his age, position in the community and rehabilitative needs. *Id.*

In his second section, Collazo claims that the trial court erred in denying his request to withdraw his guilty plea. *Id.* Collazo asserts that he should be permitted to withdraw his plea, because "no one was ever able to tell [Collazo] that he had a significant prior record." *Id.*

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa. Super. 2010). There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002). After sentencing, "a showing of prejudice on the order of manifest injustice" is required before withdrawal is properly justified. *Commonwealth v. Shaffer*, 446 A.2d 591, 593 (Pa. 1982) (citation omitted). "[M]anifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Gunter*, 771 A.2d 767, 771 (Pa. 2001).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. *Commonwealth v.*

- 4 -

*Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009). Further, post-sentence motions for withdrawal are subject to higher scrutiny, since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. *Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010).

In its Opinion, the trial court addressed Collazo's assertions, and concluded that they lack merit, and/or are waived. *See* Trial Court Opinion, 2/10/16, at 6-8. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm its resolution of Collazo's claims on this basis. *See id.*; *see also id.* at 4-5 (whereupon the trial court, based upon information from the Chief Adult Probation Officer, concluded that the correct prior record score had been applied, but also recognizing that a lesser offense gravity score had been applied, benefitting Collazo). We additionally note the following.

Collazo baldly claims that at sentencing, the trial court improperly failed to take into consideration his age, rehabilitative needs, and position in the community. Brief for Appellant at 12 (unnumbered). This claim challenges the discretionary aspects of Collazo's sentence. However,

> [w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." Permitting a discretionary appeal following the entry of a negotiated plea[ ]

- 5 -

would undermine the designs and goals of plea bargaining, and "would make a sham of the negotiated plea process[.]"

*Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted); *accord Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004). As the trial court imposed the agreed-upon sentence, Collazo cannot now challenge the discretionary aspects of that sentence. He received exactly what he bargained for.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY**
**COMMONWEALTH OF PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. CP-48-CR-3539-2014 |
| | : | |
| v. | : | |
| | : | |
| MANUEL COLLAZO, | : | |
| | : | |
| Defendant | : | |

**PENNSYLVANIA RULE OF**
**APPELLATE PROCEDURE 1925(a) STATEMENT**

A Statement of Matters Complained Of On Appeal was received on January 26, 2016, in support of the Notice of Appeal to the Superior Court of Pennsylvania from the Order of Court entered in this matter on December 7, 2015. In our Order under Appeal we denied post-sentence relief. The Defendant now complains that: (1) we erred because we would not continue his hearing on his post-sentence motion on December 4, 2015; (2) that we "erred by denying Defendant's *Nunc Pro Tunc* Post Trial Motion" (without giving any specifics as to why we were erred); (3) that the sentence imposed "was excessive" and did not consider important (but unmentioned) sentencing factors; (4) that our sentence was not consistent with the sentencing guidelines; and, (5) "the defendant was sentenced under the incorrect criminal code section."

We now provide the important historical background. On March 20, 2015, guilty plea counsel ("Counsel") for Defendant, Manuel Collazo ("Collazo"), appeared for a pre-trial conference and represented to this Court that there were ongoing guilty plea negotiations with the Commonwealth, in which Collazo would plead to Aggravated Assault (F1), 18 PA.CONS.STAT.ANN. § 2701(a)(1), and Unlawful Possession of a Firearm, 18 PA.CONS.STAT.ANN. § 6105(a)(1), with all other charges being withdrawn, including the most

serious charge – Attempted Murder. The facts alleged that Collazo shot the unarmed victim in the back as he was fleeing, resulting in a serious wound to his chest cavity which required a significant hospitalization and medical treatment. During the pre-trial conference, the Commonwealth represented that the negotiated plea must include a sentence bargain with an aggregate sentence of 8 ½ to 20 years. Apparently, Collazo was not prepared to accept the sentence bargain. Therefore, the matter was set for trial during the April Term of Criminal Court.

On March 27, 2015, Counsel appeared in Court with Collazo to proffer a plea. However, Counsel indicated that there was still uncertainty from Collazo related to the length of the sentence bargain. When Collazo addressed the Court, he represented that he wanted to accept the Commonwealth's offer, although he did note that he was displeased with the length of the sentence bargain. We then made a detailed record regaining the plea negotiations, the proposed sentence bargain, and Collazo's Constitutional right to a jury trial prior to accepting the negotiated resolution. Counsel represented that the Deadly Weapon Used Sentencing Guidelines Matrix for the Aggravated Assault was 60-72 months in the standard range (OGS 10, Prior Record Score 3) and for Unlawful Possession of a Firearm the regular Sentencing Guidelines set the standard range at 42-54 months (OGS 10, Prior Record Score 3).[1] After a colloquy, we accepted the proffered plea and imposed the sentence bargain in accordance therewith. The negotiations were that Collazo was to be sentenced at the very bottom of the standard ranges and the sentences were to run consecutive to each other (60 + 42 = 102 months). Collazo was sentenced to an aggregate period of 8 ½ to 20 years of incarceration.

---

[1] Collazo's criminal history established that on 10/29/03, Defendant plead guilty in Ohio to separate and independent felony charges – Robbery committed on 12/27/2002 and Felonious Assault committed on 5/2/2003.

2

Rule 720(A)(1) of the Pennsylvania Rules of Criminal Procedure provides as follows: "(1) … a written post-sentence motion shall be filed no later than 10 days after the imposition of sentence." See Pa.R.Crim.P. 720(A)(1), 42 PA.CONS.STAT.ANN.; see also Commonwealth v. Dreves, 839 A.2d 1122, 1126 (Pa. Super. 2003) (en banc).

Pursuant to Rule 720(A)(1), Collazo had ten (10) days from March 27, 2015, to file his post-sentence motion. Collazo failed to timely file a post-sentence motion. On April 14, 2015, Collazo filed a Petition for Permission to File Post-Sentence Motions *Nunc Pro Tunc*. The post-sentence motion set forth two requests for relief – First, the prior record score used to negotiate the sentence bargain was incorrect and second, Collazo asked for reconsideration or, in the alternative, to withdraw his guilty plea. Upon receipt of the motion, this Court scheduled a hearing on April 24, 2015. In the interim, we requested that our probation department confirm Collazo's criminal record and calculate his prior record score.

On April 24, 2015, Collazo came into the courtroom and it was announced that Collazo did not want to withdraw his plea; however, Counsel noted that Collazo was not prepared to make a record on his post-sentence motion, as he was unsure that he wished to pursue post-sentence relief. At the request of Counsel, we continued the matter to the next hearing list, May 1, 2015.

On April 27, 2015, we received a letter from the Chief Adult Probation Officer, Marie D. Bartosh, which explained Collazo's prior record and concluded that the proper prior record score was used by the District Attorney and Collazo for negotiating the sentence bargain. However, Ms. Bartosh actually calculated the guideline ranges as follows: Aggravated Assault - 72-90 months in the standard range with plus or minus 12 months in the aggravated and mitigated ranges (OGS 11, Prior Record Score 3, deadly weapon matrix) and for Unlawful Possession of a

3

Firearm the Guidelines, provided a standard range of 42-54 months with plus or minus 6 months in the aggravated and mitigated ranges (OGS 10, Prior Record Score 3). It is apparent that Counsel negotiated a lower OGS for the aggravated assault than the facts supported.

On May 1, 2015, Counsel informed the Court that Collazo would, once again, not be making a record and that likely, he would withdraw his request for relief. However, Counsel indicated that he was awaiting additional information about Collazo's out-of-state prior record. At that time, it was agreed that we would direct that Collazo be transported to the Department of Corrections to begin his sentence.

On May 5, 2015, we forwarded the April 27, 2015, letter from the probation department to Counsel and informed Counsel that, if was able to uncover any new or additional information about Collazo's past convictions, we would seek a review by the Sentencing Commission.

On May 14, 2015, Counsel submitted a letter to this Court representing that Collazo's family had contacted his office requesting that the post-sentence motions be withdrawn. Counsel also represented that he was waiting to receive confirmation from Collazo that he would formally withdraw his request for post-sentence relief. In the interim, Counsel requested that we continue this matter.

On the afternoon of July 17, 2015, we received a letter from Counsel dated July 14, 2015, requesting that we now bring Collazo back from SCI to Northampton County for a hearing on his Petition for *Nunc Pro Tunc* relief. We scheduled this matter for a Conference on August 7, 2015. On August 7, 2016, we conferred with the ADA and Counsel and told that there was no additional information that would contradict the Bartosh letter. Still, Counsel requested a record proceeding with Collazo to finalize this matter. We then scheduled a video conference for October 2, 2015, to make the final record with Collazo.

4

Prior to the conference, Counsel requested that the video conference be cancelled, so that Collazo can be brought to Northampton County, because, once here, Counsel expected that he could confer more extensively with Collazo related to his advice to withdraw his claim. Counsel represented that after a face-to-face conference, he expected that the post-sentence motion would be withdrawn.[2] The ADA agreed and issued a writ to bring Collazo to Northampton County on November 9, 2015, with the expectation that this matter would finally be resolved during the December week of Criminal Court (commencing November 30, 2016).

On November 16, 2015, we received Counsel's proposed order with his request to withdraw as counsel and to appoint a public defender, as Collazo was now raising ineffective assistance of counsel claims. We signed the Order and scheduled the matter for December 4, 2015.

We made a final record on December 4, 2015. At that time, Collazo presented no evidence. Collazo argued that, even though he did shoot the victim in the back as he fled, the wound that required the victim's hospitalization was not that serious.[3] He was upset with the length of sentence and wanted a lesser sentence than the one he agreed to in the plea negotiations.

Technically, given the procedural posture of this matter and under rules of criminal procedure, with no Order or other affirmative action by this Court to vacate our sentence, our sentence became a final Order 120 days after April 14, 2015. See Pa.R.Crim.P. 720(B)(3). Out of respect for guilty plea counsel and wanting to be fair to Collazo, we patiently waited the additional information about the prior criminal record of Collazo. None was ever presented.

---

[2] Knowing that Collazo's mother resides in Northampton County, we suspected that Collazo may have wished to visit with his family.
[3] Apparently, the victim survived his chest wound and was eventually discharged from the hospital without any obvious permanent disability.

5

Clearly, Collazo has buyer's remorse, as he no longer wants his sentence bargain, yet at the same time, he wants to keep the very generous plea bargain. Even as late as December 4, 2015, Collazo did not want to vacate his plea bargain. However, he did argue for a more lenient sentence. Further, there has been no contest to the fact pattern in which Collazo shot the fleeing and unarmed victim in the back, with the bullet ripping through his body and out the front of his chest. Based upon the proper guidelines applicable to this matter, Collazo received a most generous sentence bargain, as the sentencing guidelines upon which his sentence bargain was based upon were below the proper standard guideline ranges for the Aggravated Assault (which should have been 72-90 months).

Looking at this generous resolution we note that: (1) the most serious charge, Attempted Murder, with a standard range of 138-240 months (OGS 14, Prior Record Score 3, deadly weapon matrix) was withdrawn; (2) the actual sentence bargain negotiated by Counsel for the Aggravated Assault was at the bottom of the standard range using an OGS of 10 (however, the appropriate OGS should have been 11 so that the sentence for the aggravated assault was actually *at the very bottom of the mitigated range*); and (3) the Unlawful Possession of a Weapon was at the very bottom of the standard range. Thus, it appears that this Defendant achieved a very favorable outcome, which is one that he likely could not have achieved had he taken this matter to trial.

So, looking at the complaints raised on appeal:

1. This matter had been continued numerous times since the initial filing on April 14, 2015. By December 4, 2015, when the last request for a continuance was denied, technically we had already lost jurisdiction to act as our sentence was never vacated or acted upon (since Collazo had continually declined to make a record at our scheduled hearings). Thus, long before

6

December 4, 2015, our sentence should have been a final Order by operation of Rule 720. By entering our Order of December 7, 2015, we presented Collazo with a gift that he cannot fully appreciate – the ability to file this timely appeal of his sentence to the Superior Court. Finally, Appellate Counsel does not provide any support for the claim that we committed error by requiring Collazo to make a record on December 4, 2015, on his post-sentence motion filed on April 14, 2015, so we cannot respond to this claim in more detail. As such, we think this claim is waived.

2. We do not understand the claim that we erred in the reasoning behind our December 7, 2015, Order, as Collazo's Appellate Counsel did not even give us the courtesy of providing any support for the bald allegation. As a result, we think that this claim is also waived.

3. & 4. These claims suggest that the sentence we imposed was excessive and inconsistent with the sentencing guidelines. However, our sentence was actually at the very bottom of the negotiated standard ranges (and in the mitigated range if the proper guidelines were considered), so we did not have to provide any support for the sentence. Further, this was a negotiated plea with a sentence bargain that the Defendant asked us to accept; therefore, once we accepted the sentence bargain, *by law we had absolutely no sentencing discretion.* Thus, the claims by Appellate Counsel that we imposed an excessive sentence or one that was inconsistent with the sentencing guidelines is laughable and requires no further comment.

5. This last claim is that Collazo was sentenced under the incorrect criminal code section. The assertion that we erred because we sentenced Collazo to the charges that he negotiated for with an agreed sentence, then stood before us asking that we accept the deal, and after we did, he thanked us.... excuse us, but we are slightly confused by the complaint. Further, the Statement of Matters Complained Of On Appeal does not provide any support for the bald

7

claim that we used an improper criminal statute for sentencing, *especially considering that the acts that he acknowledged committing during his guilty plea colloquy supported the charges for which he plead guilty and was sentenced.* Once again we submit that without a more detailed statement of matters complained of, we cannot address this claim in detail. As such, this complaint should also be considered waived.

Frankly, this entire exercise is a waste of judicial resources.

BY THE COURT:

2/10/16

_____
STEPHEN G. BARATTA, P.J.

8